SARAH L. OVERTON (CSB # 163810)
CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
3801 University Avenue, Suite 560
Riverside, CA  92501
(951) 276-4420
(951) 276-4405 facsimile
soverton@cmda-law.com

Attorneys for Defendant
Superior Court of California,
County of Orange

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE 1, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, a California public entity,<br><br>Defendant. | CASE:  CV18-01499 DOC (JDEx)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT;<br><br>REQUEST FOR JUDICIAL NOTICE AND EXHIBIT<br>[Filed concurrently]<br><br>[PROPOSED] ORDER<br><br>Date      :   February 4, 2019<br>Time      :   8:30 a.m.<br>Courtroom :   9D, 9th Floor<br>Judge:    :   Hon. David O. Carter |

TO PLAINTIFFS DOES 1 THROUGH 6 AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on February 4, 2019, at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 9D of the above-entitled court located at 350 West 1st Street, Los Angeles, California, defendant Superior Court of California, County of Orange, will and hereby does move this court

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

1

MOTION TO DISMISS COMPLAINT

pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and (6) for a dismissal of the complaint against this moving party on the following grounds:

1. This court lacks subject matter jurisdiction pursuant to Article III standing;
2. The complaint is not ripe;
3. The complaint is barred by the Eleventh Amendment;
4. The complaint is barred by the *Younger* Abstention Doctrine;
5. The complaint is barred by 28 U.S.C. § 2283;
6. The complaint is barred by judicial immunity;
7. The complaint fails to state a claim upon which relief may be granted.

This motion is based upon this notice of motion, the attached memorandum of points and authorities, the request for judicial notice and exhibit filed concurrently, all pleadings and papers on file in this action, and upon such other matters as the court may allow to be presented at the time of the hearing of this matter.

Pursuant to L.R. 7-3, the conference of counsel occurred on September 7 and 12, 2018, and on December 17, 2018.

Dated: December 21, 2018

        **CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.**

        /S/ SARAH L. OVERTON

By: _____
Sarah L. Overton
Attorneys for the Defendant
Superior Court of California, County of Orange

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

2
MOTION TO DISMISS COMPLAINT

# **TABLE OF CONTENTS**

I. INTRODUCTION……………………………………………………………1

II. THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFFS CANNOT DEMONSTRATE ARTICLE III STANDING......………….2

III. THE COURT LACKS JURISDICTION BECAUSE THE CASE IS NOT RIPE……………………………………………………………………….4

IV. THE DISTRICT COURT LACKS JURISDICTION PURSUANT TO THE ELEVENTH AMENDMENT………………………………….......5

V. THE ABSTENTION DOCTRINE PREVENTS THE COURT FROM GRANTING DECLARATORY OR INJUNCTIVE RELIEF DIRECTED TO THE SUPERIOR COURT…………………………...6

VI. THE COMPLAINT IS BARRED BY 28 U.S.C. § 2283……………..7

VII. ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFFS' COMPLAINT……………………………………………………………….8

VIII. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED………………………………………….9

IX. CONCLUSION……………………………………………………………..11

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

# TABLE OF AUTHORITIES

**Cases**

*Alabama v. Pugh*, 438 U.S. 781 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) . . . . . . . . . . . . . . . . . 10

*Belanger v. Madera Unified School District*, 963 F.2d. 248 (9th Cir. 1992) . . . 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . 9

*Bradley v. Fisher*, 80 U.S. 335 (1872) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 337 (9th Cir. 1996) . . . . . . . . . . . 9

*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140 (1988) . . . . . . . . . . . . . . . . 7

*Clegg v. Cult Awareness Network,* 18 F.3d 752 (9th Cir. 1994) . . . . . . . . . . 9

*Durning v. Citibank, N.A.*, 950 F.2d 1419 (9th Cir. 1991) . . . . . . . . . . . . . . . 6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167
   (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gibson v. Berryhill,* 411 U.S. 564 *(1973)* . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103 (9th Cir. 1987)
   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hansen v. Black*, 885 F.2d 642 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . 10

*Hirsh v. Justices of the Supreme Court of the State of California,* 67 F.3d 708 (9th
   Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . 10

*Los Angeles Cty. Ass'n of Envtl. Health Specialists v. Lewin*, 215 F. Supp. 2d
   1071 (C.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mireles v. Waco*, 502 U.S. 9 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803 (2003) . . . . . . . . . 4

*O'Shea v. Littleton,* 414 U.S. 488 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Pennhurst v. Halderman*, 465 U.S. 89 (1984) . . . . . . . . . . . . . . . . . . . . . . . 6

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) . . . . . . . . . . . . . . . . . . . 6, 7

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

*Regents of the University of California, et al. v. John Doe, et al.*, 519 U.S. 425 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d. 530 (9th Cir. 1984) . . . . . 9

*Sandpiper Village Condominium Ass'n., Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403 (1972) . 2

*Stump v. Sparkman,* 435 U.S. 349 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) . . . . . . . . . . . . . . . 2, 3

*Thomas v. Union Carbide Agr. Prod. Co.*, 473 U.S. 568 (1985) . . . . . . . . . . . 5

*U.S. v. Hays*, 515 U.S. 737 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Yakama Indian Nation v. State of Washington Department of Revenue*, 176 F.3d 1241 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Younger v. Harris,* 401 U.S. 37 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Statutes**

28 U.S.C. § 2283 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Cal. Elections Code, § 327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cal. Gov. Code § 815.2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cal. Gov. Code, § 810.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Rules**

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Constitutional Provisions**

California Constitution, Article 1, § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Eleventh Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States Constitution, Article III, § 2 . . . . . . . . . . . . . . . . . . . . . . . . 2

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

iii
MOTION TO DISMISS COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The present action concerns a discovery order issued on May 17, 2018, by the Honorable John C. Gastelum, Judge of the Superior Court of California, County of Orange (Judge Gastelum), in the matter *Roe 1 v. Defendant Doe 1, Congregation*, Superior Court of California, County of Orange (Superior Court) case no. 30-2014-00741722 (Superior Court case).  The Superior Court case concerns allegations of sexual abuse by members of the Jehovah's Witnesses.  The discovery order at issue, attached to the instant complaint as exhibit B, requires plaintiffs to produce certain partially redacted documents which identify plaintiffs in some manner.  Plaintiffs allege that the discovery order violates their Constitutional rights.  Plaintiffs seek an order from the District Court enjoining the Superior Court (Judge Gastelum) from enforcing the discovery order.  Although the complaint pertains exclusively to the order issued by Judge Gastelum, the only defendant named in plaintiffs' complaint is the Superior Court.  The complaint alleges three claims for relief against the Superior Court: violation of the Fourth, Fifth and Fourteenth Amendments; violation of the California Constitution, Article 1, § 1; and, violation of the First Amendment.  In addition to injunctive relief, the complaint also seeks monetary damages and a declaration that the discovery order violates plaintiffs' rights.

Since the filing of this complaint, plaintiffs also filed a motion for a protective order in the Superior Court case which essentially seeks the same relief as requested in the present case; namely, an order precluding disclosure of plaintiffs' identities in the discovery documents.  The hearing of that motion is scheduled for January 15, 2019.  If plaintiff prevails on their motion, the instant action would be rendered moot.  *See,* Request for Judicial Notice (RJN) and ex. 1,

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

1

**MOTION TO DISMISS COMPLAINT**

docket. *Roe 1 v. Defendant Doe 1, Congregation*, Superior Court case no. 30-2014-00741722 (docket), p. 52.

As discussed more fully below, the motion to dismiss must be granted. First, the complaint fails to demonstrate that plaintiffs have Article III standing to proceed with this action. Second, plaintiffs' claims are not ripe. Third, plaintiffs' complaint against the Superior Court is barred by the Eleventh Amendment. Fourth, to the extent that plaintiffs seek an order enjoining the enforcement of the discovery order issued in the Superior Court case, the *Younger* Abstention Doctrine and the Anti-Injunction Act prevent this Court from granting that relief. Fifth, this action is barred by judicial immunity. Finally, the complaint fails to state a claim upon which relief can be granted against the Superior Court. Thus, the complaint must be dismissed without leave to amend.

## II.

## THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFFS CANNOT DEMONSTRATE ARTICLE III STANDING

A party may bring a motion to dismiss where there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1. The United States Constitution, Article III, section 2, grants to federal courts jurisdiction to hear only "cases" or "controversies." "'[I]t is well settled that federal courts may act only in the context of a justiciable case or controversy.' (Citations.)" *Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972).

> In limiting the judicial power to "Cases" and "Controversies," Article III of the Constitution restricts it to the traditional role of Anglo–American courts, which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law.

*Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009).

In the present case this court does not have jurisdiction because plaintiffs

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

2

**MOTION TO DISMISS COMPLAINT**

have not and cannot establish Article III standing. Indeed, Article III standing is mandatory and not subject to waiver. *U.S. v. Hays*, 515 U.S. 737, 742 (1995). As stated in *O'Shea v. Littleton,* 414 U.S. 488, 493-494 (1974):

> Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.' … Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct. (Citation.)
>
> To establish Article III standing, the plaintiff must demonstrate:
>
> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *Summers*, 555 U.S. at 493.

It is the plaintiff as the party invoking federal jurisdiction who bears the burden of establishing these elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). If a plaintiff cannot meet this burden, he cannot litigate in federal court. *See, Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 475-476 (1982).

In the present case, plaintiffs cannot meet any of the requirements to establish Article III standing. Plaintiffs cannot demonstrate the first element that they have suffered an "injury in fact" which is "concrete and particularized" and "not conjectural or hypothetical." Here, plaintiffs allege that the release of documents to "attorneys, experts, and possibly others" which contain their names or other identifying information will cause a "risk" of "harassment, humiliation, ridicule, social stigmatization…." Cmplt. pp. 8:13-19, 9:14-24, 11:4-12:3, 13:20-

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

25. Plaintiff's bare assertion of possible *future* harm is not an injury in fact which is concrete and which is not conjectural or hypothetical.

Plaintiffs also cannot demonstrate the second element that the injury is "fairly traceable" to action of the defendant. Here, the complaint does not allege that the subject discovery order is the cause in fact of any alleged future harassment, humiliation or ridicule to the plaintiffs. Moreover, the complaint does not allege that the Superior Court will personally subject plaintiffs to the future harassment, humiliation or ridicule. Rather, the complaint alludes to an unnamed person or persons who may at some time in the future learn of plaintiffs' identities and then subject plaintiffs to harassment, humiliation or ridicule.

Finally, plaintiffs cannot demonstrate the third element that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Here, even if the court enjoined the enforcement of the discovery order, that does not prevent the disclosure of plaintiffs' identities in some other manner during the course of the Superior Court case. Thus, because plaintiffs have not met and cannot meet the requirements of Article III standing, the court does not have jurisdiction and this action must be dismissed without leave to amend.

## III.

## THE COURT LACKS JURISDICTION BECAUSE THE CASE IS NOT RIPE

"The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction' … but, even in a case raising only prudential concerns, the question of ripeness may be considered on a court's own motion. (Citations.)" *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003).

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

4

**MOTION TO DISMISS COMPLAINT**

Indeed, "[r]ipeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.' (Citations.)" *Id.* "[R]ipeness is peculiarly a question of timing …. [I]ts basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements. (Citation.)" *Thomas v. Union Carbide Agr. Prod. Co.*, 473 U.S. 568, 580 (1985).

The present action is not ripe. Plaintiffs seek premature adjudication of an order which is still subject to modification in the Superior Court if Judge Gastelum grants plaintiffs' motion for a protective order. RJN, ex. 1, docket, p. 52. Thus, since the federal courts do not decide abstract or speculative disagreements, the complaint must be dismissed because the action is not ripe.

## IV.
## THE DISTRICT COURT LACKS JURISDICTION PURSUANT TO THE ELEVENTH AMENDMENT

The Eleventh Amendment to the United States Constitution states "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

The Eleventh Amendment grants sovereign immunity to states against suits filed in federal court. *See, Regents of the University of California, et al. v. John Doe, et al.*, 519 U.S. 425 (1997); *Alabama v. Pugh*, 438 U.S. 781 (1978). The Eleventh Amendment bars actions against state agencies unless Congress expresses to the contrary or the state agency unequivocally waives the immunity. *Belanger v. Madera Unified School District*, 963 F.2d. 248, 249 (9th Cir. 1992); *Yakama Indian Nation v. State of Washington Department of Revenue*, 176 F.3d

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

5

**MOTION TO DISMISS COMPLAINT**

1241, 1244 (9th Cir. 1999); *Pennhurst v. Halderman*, 465 U.S. 89, 99-100 (1984). The Eleventh Amendment bar applies to suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies. *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-1423 (9th Cir. 1991). Furthermore, a suit against the Superior Court is a suit against the state and barred by the Eleventh Amendment. *Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987); *Los Angeles Cty. Ass'n of Envtl. Health Specialists v. Lewin*, 215 F. Supp. 2d 1071, 1078 (C.D. Cal. 2002).

Here, the complaint for injunctive relief, declaratory relief and damages against the Superior Court is barred by the Eleventh Amendment. Thus, the motion to dismiss the complaint against the Superior Court must be granted and the complaint dismissed without leave to amend.

## V.

## THE ABSTENTION DOCTRINE PREVENTS THE COURT FROM GRANTING DECLARATORY OR INJUNCTIVE RELIEF DIRECTED TO THE SUPERIOR COURT

It is the general rule that federal courts must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger v. Harris,* 401 U.S. 37, 40-41 (1971; *see also, Penzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 11 (1987). "So long as those challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand." *Penzoil*, at 14.

Indeed, abstention is required if the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

adequate opportunity to litigate federal claims. *Hirsh v. Justices of the Supreme Court of the State of California,* 67 F.3d 708, 711 (9th Cir. 1995).

In this case, abstention is required. First, the underlying Superior Court action is ongoing. Second, protection of state court orders and judgments is an important state interest. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13–14 (1987). Finally, plaintiffs have an adequate opportunity to litigate federal claims in the Superior Court action. Indeed, plaintiffs have currently raised the same issues in their motion for a protective order filed in the Superior Court case.

When the *Younger* Abstention Doctrine applies, the complaint must be dismissed. *Gibson v. Berryhill,* 411 U.S. 564, 577 (1973). Thus, since the *Younger* Abstention Doctrine applies in this case, the motion to dismiss must be granted without leave to amend.

## VI.

## **THE COMPLAINT IS BARRED BY 28 U.S.C. § 2283**

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress…." 28 U.S.C. § 2283. "The limitations expressed in the Anti–Injunction Act "rest[ ] on the fundamental constitutional independence of the States and their courts…." *Sandpiper Village Condominium Ass'n., Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 842 (9th Cir. 2005. "'[A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakably clear.' (Citations.)" *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149 (1988). "[W]hen a state proceeding presents a federal issue, even a pre-emption issue, the proper course is to seek resolution of that issue by the state court. *Id*. at 149-150.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

7

**MOTION TO DISMISS COMPLAINT**

Here, the complaint is barred because the federal District Court does not have the inherent authority to interfere in a state court proceeding pursuant to the Anti-Injunction Act. Instead, the proper course for plaintiffs is to seek resolution of their issues in the Superior Court case or in a higher state court. Consequently, because this Court cannot issue an injunction in the Superior Court case, the motion to dismiss must be granted.

## VII.
## ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFFS' COMPLAINT

Judicial officers are absolutely entitled to unqualified immunity. "[I]t is the general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own conviction, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 346 (1872).

The United States Supreme Court has established the rule that judges are immune from civil suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Court in *Stump v. Sparkman,* 435 U.S. 349, 362 (1973), stated that:

> [T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.

In the present case, judicial immunity applies because the complaint solely concerns a judicial act, i.e., the issuance of the discovery order by Judge Gastelum in the Superior Court action. The complaint fails to allege any independent action of the Superior Court, aside from the action taken by Judge Gastelum in his judicial capacity. Further, to the extent that this action is brought against the Superior Court as the "employer" of Judge Gastelum, judicial

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

8

**MOTION TO DISMISS COMPLAINT**

immunity also applies.[1] Thus, the complaint must be dismissed without leave to amend because the Superior Court is entitled to judicial immunity.

## VIII.
## THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A defendant can bring a motion to dismiss when the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will be dismissed as a matter of law for either of two reasons "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d. 530, 534 (9th Cir. 1984). In determining whether a case fails to state a claim, "[a]ll allegations and material facts are taken as true and construed in the light most favorable to the non-moving party." *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 337, 338 (9th Cir. 1996). The court is not, however, required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994).

A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "A claim has facial plausibility when

---

[1] Under California law, "[e]xcept as otherwise provided by statute, "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. Gov. Code § 815.2(b). As used in section 815.2(b), "employee" includes a judge of a state superior court. *See,* Cal. Gov. Code, § 810.2 and Cal. Elections Code, § 327.

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

9

**MOTION TO DISMISS COMPLAINT**

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, the plaintiffs have entirely failed to plead factual content that allows the court to draw the reasonable inference that the Superior Court is liable to plaintiffs for violation of their Constitutional rights. With regard to plaintiffs' first and third claims for violation of the First, Fourth, Fifth and Fourteenth Amendments, plaintiffs must allege specific facts showing the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendants' alleged wrongful conduct and the alleged constitutional deprivation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). "A plaintiff must allege facts, not simply conclusions that show an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Here, plaintiff has failed to plead facts to demonstrate that the Superior Court is personally involved in a deprivation of plaintiffs' rights. Indeed, there are no facts alleged at all with regard to the Superior Court. Plaintiffs' only factual allegation as to a violation of their rights, relates to the discovery order issued by Judge Gastelum. Moreover, there no facts alleged that plaintiffs' rights have been violated because no documents which contain their identities have yet been produced in accordance with that order.

Likewise, plaintiffs have failed to state facts to constitute the second claim for violation of the California Constitution, Article 1, § 1. That provision states: "All people are by nature free and independent and have inalienable rights. Among these are … pursuing and obtaining safety, happiness, and privacy."

Here again, plaintiffs have failed to plead facts to support this claim. Their privacy has not been invaded because no identifying documents have been produced. Indeed, plaintiffs' identities may never be disclosed because plaintiffs

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

10

**MOTION TO DISMISS COMPLAINT**

1 are actively seeking a protective order in the Superior Court case. Thus, the
2 motion to dismiss must be granted because plaintiff have failed to allege facts to
3 support any claim for relief against the Superior Court.

## IX.
## CONCLUSION

For all of the foregoing reasons, the motion to dismiss must be granted and the complaint dismissed *without* leave to amend.

Dated: December 21, 2018

        **CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.**

        /S/ SARAH L. OVERTON

By: _____
      Sarah L. Overton
      Attorneys for the Defendant
      Superior Court of California, County of Orange

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

11

**MOTION TO DISMISS COMPLAINT**

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Riverside, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee of or agent for Cummings, McClorey, Davis, Acho & Associates, P.C., 3801 University Avenue, Suite 560, Riverside, California 92501.

I hereby certify that on December 21, 2018, I electronically filed the foregoing [PROPOSED] ORDER, with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system.

I certify that participants in the case who are registered CM/ECF users will be served by the Central District CM/ECF system.

Executed on December 21, 2018, in Riverside, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                          /S/Sarah Quesada
                          Maricela Bobadilla, Declarant

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

12

**MOTION TO DISMISS COMPLAINT**