CROCKETT & ASSOCIATES
Robert D. Crockett (SBN 105628)
*bob@bobcrockettlaw.com*
Brian D. Walters (SBN 227435)
*waltersb@bobcrockettlaw.com*
Jackie K. M. Levien (SBN 301239)
*levienj@bobcrockettlaw.com*
Chase T. Tajima (SBN 304063)
*chase@bobcrockettlaw.com*
23929 Valencia Boulevard, Suite 303
Valencia, California 91355
Tel: (323) 487-1101
Fax: (323) 843-9711

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE 1, an individual; DOE 2, an individual; DOE 3, an individual; DOE 4, an individual; Doe 5, an individual; and DOE 6, an individual,<br><br>        Plaintiffs,<br><br>        v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, a California public entity,<br><br>        Defendant. | CASE NO.: 8:18-cv-01499<br><br>**RULE 26(f) JOINT REPORT**<br><br>Date:   Jan. 14, 2019<br>Time:   8:30 a.m.<br>Judge:  David O. Carter<br><br>Complaint Filed: Aug. 23, 2018<br>Trial Date: TBD |

## I.   FACTUAL SUMMARY OF THE CASE, CLAIMS AND DEFENSES

The Jehovah's Witnesses' supervisory organization, Watchtower Bible and Tract Society of New York ("Watchtower"), has in its possession documents that detail childhood sexual abuse allegations and reports from various congregations throughout the United States. Plaintiffs allege that these documents contain sensitive information about them or their loved ones that is protected by their constitutionally guaranteed right to privacy and also contain privileged

1  communications between congregants and Jehovah's Witnesses elders, the

2  disclosure of which will have a chilling effect on the practice of their faith.

3       On May 17, 2018, Defendant Superior Court of California of the County of

4  Orange, in the childhood sexual abuse lawsuit *Roe 1 vs. Defendant Doe 1,*

5  *Congregation, et al.*, Case No. 30-2014-00741722-CU-PO-CJC (the "State

6  Litigation"), ordered the production of these documents but only allowed for the

7  redaction of the names of victims and the names of elders. The order did not permit

8  redactions of personal identifying information of potential victims, certain elders in

9  the congregations, third-party victims, perpetrators, locations, congregations,

10  family members, etc. The order did not permit redactions of spiritual

11  communications contained in the letters but instead requested that Watchtower

12  submit a privilege log as to each privileged communication. Watchtower has

13  produced redacted versions of the documents that obscure all identifying

14  information. However, the plaintiffs in the State Litigation, Rudy Padrol and Jose

15  Monteagudo, Intervenors in this case, are seeking the documents without such

16  redactions and are seeking monetary, issue and terminating sanctions against

17  Watchtower for noncompliance with the order. Intervenors contend that the

18  documents are relevant to their sex abuse lawsuit against a Jehovah's Witnesses

19  congregation and Watchtower.

20       Plaintiffs, members of various Jehovah's Witnesses congregations, filed this

21  Complaint seeking an injunction as well as declaratory relief ordering the

22  modification of Defendant Superior Court's May 17, 2018 order such that

23  Plaintiffs' privacy rights and religious liberty are protected. Plaintiffs are

24  concerned that, in the face of punishing monetary, issue and terminating sanctions,

25  Watchtower will produce the documents at issue in unredacted form, exposing

26  Plaintiffs deepest secrets and protected information. While there is a protective

27  order prohibiting extraneous use of the documents, Plaintiffs contend that any

28  disclosure of such sensitive information is a violation of their constitutional rights.

1       It is the position of Defendant Superior Court that the District Court does not

2   have jurisdiction to grant the relief requested by Plaintiffs. Plaintiffs' Complaint

3   fails to demonstrate that plaintiffs have Article III standing to proceed with this

4   action and that Plaintiffs' claims are not ripe. In addition, Plaintiffs' Complaint

5   against the Superior Court is barred by the Eleventh Amendment. To the extent

6   that Plaintiffs seek an order enjoining the enforcement of the discovery order

7   issued in the Superior Court case, Defendant asserts that the *Younger* Abstention

8   Doctrine and the Anti-Injunction Act prevent this Court from granting that relief.

9   Further, Defendant Superior Court asserts that this action is barred by judicial

10   immunity.

11       Intervenors contend that Watchtower's refusal to produce the documents at

12   issue in the State Litigation has been the subject of three prior published appellate

13   decisions in California: *Lopez v. Watchtower Bible and Tract Society of New York,*

14   *Inc.* (2016) 246 Cal.App.4th 566; *Padron v. Watchtower Bible and Tract Society of*

15   *New York*, Inc. (2017) 16 Cal.App.5th 1246; and *JW v. Watchtower Bible and*

16   *Tract Society of New York, Inc.* (2018) ___ Cal.App.5th ___, 2018 WL 6444039.

17   The *JW* decision upheld a $4,016,152.39 default judgment entered against

18   Watchtower after a terminating sanction was granted.  (2018 WL 6444039 * 1.)  In

19   *Padron*, the appellate court affirmed a monetary discovery sanction against

20   Watchtower in the amount of $4,000 per day.  (16 Cal.App.5th at 1248-1250.)

21   That sanction was imposed after Watchtower refused to comply with a discovery

22   order to produce one of the categories of documents at issue in the State Litigation,

23   with the exact same redactions.

24       Intervenors further contend that all of the documents Watchtower was

25   ordered to produce in the State Litigation were also ordered produced in *Lopez*,

26   *Padron*, and /or *JW*.  Watchtower has repeatedly refused to comply with discovery

27   orders relating to these documents. Although more than seven months have passed

28   since the discovery order Does 1-6 seek to enjoin, Watchtower has not produced

the documents, or stated any intention of producing the documents, in a manner that complied with the order in the State Litigation. Watchtower has violated the discovery order in the State Litigation in precisely the way it did in *Padron*. Thus, Does 1-6 have suffered no injury in fact and none is imminent. Since the documents have not been produced, and will not be produced, this action is not ripe. Since Watchtower asserted Does 1-6's actual privacy rights in the *Padron* appeal, and a decision was reached and is final, this issue is barred by collateral estoppel. Because Watchtower will not produce the documents in the manner ordered in the State Litigation, Does 1-6 will never suffer any injury. Thus, the only purpose for this action is to relitigate issues already decided against Watchtower – thrice – in California state courts and prevent the Superior Court of Orange County from imposing discovery sanctions on Watchtower for its willful refusal to comply with discovery orders. Intervenors also contend that Does 1-6 cannot establish irreparable harm or a likelihood of success on the merits of their claims; that the Eleventh Amendment bars this action entirely, that the action is moot; and that abstention doctrines apply.

## II.   SHORT SYNOPSIS OF THE PRINCIPAL ISSUES

The principal issue in this case is whether Defendant Superior Court's order requiring the production of these documents will violate Plaintiffs' right to privacy and whether Plaintiffs' religious liberties will be infringed. Plaintiffs contend that the information contained in the Watchtower documents describes childhood sexual abuse involving Plaintiffs, their family members and their congregations and that ordering the disclosure of such sensitive information with identifying information would violate their privacy. Plaintiffs also contend that the letters contain confidential spiritual communications, the disclosure of which would have a chilling effect on the free exercise of their faith. Plaintiffs bring this suit on the doctrine of *Ex Parte Young,* 209 U.S. 123, 155-56 (1908) which permits declarative or injunctive relief against state actors who violate federally protected

constitutional rights, notwithstanding state sovereign immunity and the various abstention doctrines respecting comity between state and federal courts.

It is the position of Defendant Superior Court that the District Court does not have jurisdiction to grant the relief requested by Plaintiffs. Plaintiffs' Complaint fails to demonstrate that plaintiffs have Article III standing to proceed with this action and that Plaintiffs' claims are not ripe. In addition, Plaintiffs' Complaint against the Superior Court is barred by the Eleventh Amendment. To the extent that Plaintiffs seek an order enjoining the enforcement of the discovery order issued in the Superior Court case, Defendant asserts that the *Younger* Abstention Doctrine and the Anti-Injunction Act prevent this Court from granting that relief. Further, Defendant Superior Court asserts that this action is barred by judicial immunity.

Intervenors contend that the trial court in the State Litigation has imposed a detailed protective order prohibiting Intervenors from disclosing the documents publicly, or even filing the documents in the State Litigation, except under seal. The state court allowed for the redaction of the names and identifying information of the victims of child molestation and elders identified in the documents, and ordered Intervenors to return the documents to Watchtower at the end of the litigation.  All legitimate privacy interests are protected by this order.

Intervenors also content that the California clergy-penitent privilege does not apply when it is known that the communication will be shared with third parties not present for the original communication (*Roman Catholic Archbishop of Los Angeles v. Superior Court* (2005) 131 Cal.App.4th 417), and the Jehovah's Witness processes that resulted in the creation of the subject documents inherently do not require the type of confidentiality sufficient to invoke the privilege. Thus, even if all of the defenses identified in the previous section failed, the state court did nothing to infringe on any constitutional right of Does 1-6.

III.   **JOINDER AND AMENDED PLEADINGS**

Plaintiffs have filed (or will file) a stipulated to amend the Complaint to join additional Doe plaintiffs, to conform the Complaint to recent developments in the State Litigation, to correct factual allegations and to drop claims for damages and for violations of California state law.

IV.   **ISSUES TO BE DECIDED BY MOTION**

Currently pending are Defendant Superior Court's motion to dismiss set for hearing on February 4, 2019 as well as the Intervenor's motion to dismiss which has been taken under submission without hearing.

In addition to the aforementioned stipulation to file an amended complaint, Plaintiffs expect to file a motion for preliminary injunction to set aside and modify Defendant Superior Court's order requiring the production of documents that will harm Plaintiffs' constitutionally protected privacy rights.

If Plaintiffs' motion to amend their Complaint is granted, Intervenors contemplate filing a motion to dismiss that amended complaint. If the Complaint is not dismissed, Intervenors anticipate filing a motion for summary judgment. Intervenors contend that Plaintiffs have stated plainly that they will not comply with Intervenors' efforts to take discovery and will instead file motions for protective order. Intervenors therefore contemplate filing motions to compel responses to discovery requests.

V.   **SETTLEMENT DISCUSSIONS AND PROCEDURES**

No settlement discussions have occurred. Pursuant to Local Rule 16-15 through -15.9, the parties request a settlement conference before the magistrate judge assigned to this case. Form ADR-01 is filed concurrently with this report.

VI.   **DISCOVERY PLAN**

At this time, Plaintiffs and Defendant Superior Court do not anticipate taking discovery, based upon Plaintiffs' current complaint. Defendant Superior Court reserves its right to conduct discovery based upon any new claims made in

1    any amended complaint.

2        Intervenors' discovery plan is as follows:

3        **Phase One**

4        Interrogatories to Does 1-6

5        Requests for production of documents to Does 1-6

6        Because Does 1-6 are proceeding as Does and have refused to identify their

7    names to Intervenors, Intervenors must serve discovery to ascertain their names,

8    and which congregations they attended in order to conduct a second round of

9    discovery aimed at obtaining relevant documents from Jehovah's Witness

10   Congregations, and Jehovah's Witness supervising organizations, who may have

11   documents relevant to Does 1-6's claims of privacy and privilege, and the waiver

12   of either.

13       **Phase Two**

14       Subpoenas to Watchtower Bible and Tract Society of New York, Inc., and

15   Christian Congregation of Jehovah's Witnesses, Inc.;

16       Subpoenas to Jehovah's Witness congregations identified in phase one;

17       Depositions of Does 1-6;

18       Depositions of Watchtower Legal Department personnel.

19       Intervenors cannot serve the subpoenas called for in this phase until after

20   learning the identities of Does 1-7 and the congregations they have attended.

21       VII.   **TRIAL**

22       This will be a trial to the Court that will take two-three days. No jury is

23   required. Plaintiffs are seeking only injunctive and declaratory relief.

24       VIII.  **PROPOSED CUT OFF DATES AND OTHER ISSUES**

25       Plaintiffs propose the following dates:

26       • March 4, 2019 - Discovery Cut Off

27       • May 6, 2019 - Final Motion Cut Off

28       • June 10, 2019 - Final Pretrial Conference

1    • June 17, 2019 – Trial

2    Defendant Superior Court and Intervenors propose the following dates:

3    • August 12, 2019 - Discovery cut off

4    • October 7, 2019 - Final motion cut off

5    • November 11, 2019 - Final pretrial conference

6    • November 19, 2019 - Trial

7

8    Date: December 31, 2018                Respectfully submitted,

9                                           CROCKETT & ASSOCIATES

10                                          By   /s/ Robert D. Crockett
11                                          Attorneys for Plaintiffs

12                                          CUMMINGS, McCLOREY, DAVIS,
13                                          ACHO & ASSOCIATES P.C.

14                                          By   /s/ Sarah L. Overton
15                                          Attorneys for Defendant Superior Court of
                                            California, County of Orange
16

17                                          THE ZALKIN LAW FIRM, P.C.

18                                          By   /s/ Devin M. Storey
19                                          Attorneys for Intervenors

20

21

22

23

24

25

26

27

28

**JOINT RULE 26(f) REPORT**