1

2

3                           UNITED STATES DISTRICT COURT

4                           CENTRAL DISTRICT OF CALIFORNIA
                                  SOUTHERN DIVISION

5

6
       DOE I, ET AL.,                    )
7                                        )
                                         )
8                 PLAINTIFFS,            )
                                         )
9                 V.                      )
                                         )  SA CV 18-01499-DOC
10                                       )  JANUARY 14, 2019
       SUPERIOR COURT OF CALIFORNIA,     )  (8:34 A.M. TO 9:01 A.M.)
11     COUNTY OF ORANGE,                  )
                                         )
12               DEFENDANTS.             )  SANTA ANA, CALIFORNIA
       _____)

13

14                              STATUS CONFERENCE

15

16                    BEFORE THE HONORABLE DAVID O. CARTER
                          UNITED STATES DISTRICT JUDGE

17

       APPEARANCES:              SEE NEXT PAGE
18
       COURT REPORTER:           RECORDED; COURT SMART
19
       COURTROOM DEPUTY:         DEBORAH LEHMAN
20
       TRANSCRIBER:              DOROTHY BABYKIN
21                               COURTHOUSE SERVICES
                                 1218 VALEBROOK PLACE
22                               GLENDORA, CALIFORNIA  91740
                                 (626) 963-0566
23

24     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
       TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
25

2

```
 1    APPEARANCES:

 2    FOR THE PLAINTIFF DOE 1, ET AL.:

 3
                CROCKETT & ASSOCIATES
 4              BY:  ROBERT DALE CROCKETT
                     CHASE TOMONARI TAJIMA
 5                   ATTORNEYS AT LAW
                23929 VALENCIA BOULEVARD
 6              SUITE 303
                VALENCIA, CALIFORNIA  91355
 7

 8
      FOR THE DEFENDANT SUPERIOR COURT OF CALIFORNIA,
 9    COUNTY OF ORANGE, ET AL.:

10
                CUMMINGS MC CLOREY DAVIS & ACHO
11              BY:  SARAH L. OVERTON
                     ATTORNEY AT LAW
12              3801 UNIVERSITY AVENUE
                SUITE 560
13              RIVERSIDE, CALIFORNIA  92501

14
      FOR THE INTERVENORS:
15

16              ZALKIN LAW FIRM
                BY:  ALEXANDER S. ZALKIN
17                   DEVIN MILES STOREY
                     ATTORNEYS AT LAW
18              12555 HIGH BLUFF DRIVE
                SUITE 301
19              SAN DIEGO, CALIFORNIA  92130

20

21

22

23

24

25
```

3

1

I N D E X

2   SA CV 18-1499-DOC                                    JANUARY 14, 2019

3   PROCEEDINGS:   STATUS CONFERENCE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              SANTA ANA, CALIFORNIA; JANUARY 14, 2019; 8:34 A.M.

 2              THE COURT:  COUNSEL, COULD I CALL DOE 1, ET AL.

 3    VERSUS SUPERIOR COURT OF CALIFORNIA.

 4              (PAUSE IN PROCEEDINGS.)

 5              THE COURT:  COUNSEL, IF YOU'D LIKE TO MAKE YOUR

 6    APPEARANCES, PLEASE.

 7              MR. CROCKETT:  GOOD MORNING, YOUR HONOR.

 8              ROBERT CROCKETT AND CHASE TAJIMA OF CROCKETT &

 9    ASSOCIATES FOR THE DOE PLAINTIFFS.

10              MS. OVERTON:  GOOD MORNING, YOUR HONOR.

11              SARAH OVERTON ON BEHALF OF DEFENDANT ORANGE COUNTY

12    SUPERIOR COURT.

13              THE COURT:  OKAY.

14              AND WHO ARE MY ABLE ASSOCIATE COUNSEL HERE?  YOU LOOK

15    KIND OF MUTE.  WHO ARE YOU?  WHY DON'T YOU MAKE YOUR

16    APPEARANCES.

17              MR. TAJIMA:  CHASE -- CHASE TAJIMA FOR DOE

18    PLAINTIFFS.

19              THE COURT:  OKAY.

20              AND ARE YOU ASSOCIATE COUNSEL ALONG WITH MR.

21    CROCKETT?

22              MR. TAJIMA:  YES, YOUR HONOR.

23              THE COURT:  OKAY.  THANK YOU VERY MUCH.

24              AND WHERE ARE YOUR OFFICES LOCATED?

25              MR. CROCKETT:  VALENCIA.
```

5

1              THE COURT:  I'M SORRY.  VALENCIA?

2              MR. CROCKETT:  RIGHT.

3              THE COURT:  THANK YOU.  SO, YOU DROVE ALL THE WAY

4    DOWN TODAY?

5              THANK YOU FOR BEING ON TIME.

6              AND COUNSEL.

7              MR. STOREY:  GOOD MORNING, YOUR HONOR.

8              DEVIN STOREY FOR THE INTERVENORS.

9              THE COURT:  OKAY.

10             MR. ZALKIN:  AND ALEXANDER ZALKIN ON BEHALF OF THE

11   INTERVENORS.

12             THE COURT:  AND I NEED THE DOCUMENTS I GAVE YOU ALSO.

13             (COURT CONFERRING WITH LAW CLERKS.)

14             THE COURT:  ORIGINALLY WHEN YOU APPEARED IN FRONT OF

15   ME, WE SET THE BACKGROUND OF THE CASE.  AND I'D LIKE TO DO THAT

16   AGAIN JUST FOR OUR RECORD.  AND THAT IS THAT THE CASE RELATES

17   APPARENTLY FROM YOUR PERSPECTIVE TO AN UNDERLYING ORANGE COUNTY

18   SUPERIOR COURT ACTION BROUGHT BY THE SUPERIOR COURT PLAINTIFFS

19   ROE 1 AND OTHERS, ALLEGING SEXUAL ABUSE BY JEHOVAH'S WITNESS IN

20   CASE ROE 1, ET AL. VERSUS DEFENDANT DOE 1 AND THE CONGREGATION,

21   ET AL. IN CASE NUMBER 30201400741722.

22             IN THE SUPERIOR COURT CASE --

23             AND YOU REPRESENT THE SUPERIOR COURT; IS THAT

24   CORRECT?

25             MS. OVERTON:  YES, YOUR HONOR.

6

1              THE COURT:  OKAY.

2              THE SUPERIOR COURT PLAINTIFFS MADE DISCOVERY REQUESTS

3    AT SOME POINT SEEKING ANY AND ALL DOCUMENTS NATIONWIDE

4    POSSESSED BY THE SUPERIOR COURT DEFENDANTS RELATING TO

5    ALLEGATIONS OF SEXUAL ABUSE OF CHILDREN BY MEMBERS OF JEHOVAH'S

6    WITNESS BETWEEN 1979 AND THE PRESENT DAY, WHICH IS SUPERIOR

7    COURT ORDER OF MAY 17TH, 2018, AS I UNDERSTAND IT.

8              AND IN RESPONSE ON FEBRUARY 21ST OF 2000- --

9              WELL, THAT WOULD HAVE BEEN 2017, WOULDN'T IT,

10   COUNSEL?

11             COULD YOU LOOK AT YOUR RECORDS.

12             MR. STOREY:  YOUR HONOR, THE SUPERIOR COURT ORDER WAS

13   2018.

14             THE COURT:  OKAY.

15             AND IN RESPONSE ON FEBRUARY 21ST OF 2018, IS THIS

16   CORRECT?

17             MR. STOREY:  YES, YOUR HONOR.  SO THE --

18             THE COURT:  YEAH.  THEN, THE DEFENDANT WATCHTOWER --

19             AND WHO REPRESENTS DEFENDANT WATCHTOWER?

20             MR. CROCKETT:  I DO -- WELL, I REPRESENT THE

21   CONGREGANTS --

22             THE RECORDER:  PLEASE USE THE MICROPHONE, COUNSEL.

23             THE COURT:  YEAH, WE CAN'T HEAR YOU, MR. --

24             MR. CROCKETT:  YOUR HONOR,  I REPRESENT THE

25   CONGREGANTS TO THE WATCHTOWER ORGANIZATION.  THE -- WATCHTOWER

1    IS NOT HERE.

2            THE COURT:  WELL, ANYWAY, DEFENDANT WATCHTOWER SOUGHT

3    A PROTECTIVE ORDER CONCERNING THE DOCUMENT PRODUCTION AS WELL

4    AS REDACTION OF PERSONALLY IDENTIFYING INFORMATION OF ALLEGED

5    THIRD-PARTY VICTIMS AND THIRD-PARTY PARTICIPANTS IN A LIMITED

6    SCOPE OF DOCUMENTS FROM 1994 THROUGH 1997 IN A GEOGRAPHIC SCOPE

7    LIMITED TO CALIFORNIA.

8            AND ON MAY 17TH, 2018, THE SUPERIOR COURT GRANTED IN

9    PART THE DEFENDANTS' REQUEST FOR A PROTECTIVE ORDER AND LIMITED

10   THE DOCUMENT PRODUCTION TO INCLUDE, FIRST, REDACTION OF

11   PERSONALLY IDENTIFYING INFORMATION OF ALLEGED THIRD-PARTY

12   VICTIMS AND THIRD-PARTY PARTICIPANTS;

13           AND, SECOND, THE USE AND DISSEMINATION OF THE

14   DOCUMENTS LIMITED FOR THE PURPOSES OF THIS LITIGATION ONLY;

15           AND, THIRD, A LIMITED SCOPE OF TIME FROM 1989 TO 1999.

16           THE PLAINTIFFS IN THIS CASE ARE -- AND WHO ARE

17   PLAINTIFFS? -- ARE INDIVIDUAL MEMBERS OF JEHOVAH'S WITNESS

18   CONGREGATION WHO ARE ALLEGED VICTIMS OF ABUSE BY A MEMBER OF

19   JEHOVAH'S WITNESS FAMILY MEMBERS OF ALLEGED VICTIMS OF ABUSE, A

20   CONGREGATION MEMBER WHO WAS ACCUSED OF SEXUAL ABUSE, AND A

21   CONGREGATION MEMBER WHO SOUGHT GUIDANCE FROM A CONGREGATION

22   REGARDING SEXUAL CONDUCT OF HIS MINOR CHILD.

23           ON AUGUST 23RD, 2018 THE FEDERAL PLAINTIFFS FILED A

24   COMPLAINT IN THIS COURT SEEKING TO ENJOIN THE SUPERIOR COURT

25   FROM ENFORCING ITS MAY 17TH, 2018 ORDER.

1            AND THE FEDERAL PLAINTIFFS ALLEGED THAT THEY ARE --

2            AND, JENNA, DO YOU HAVE THOSE DOCUMENTS I GAVE TO

3    YOU?

4            CAN I GET THEM --

5            (COURT CONFERRING WITH LAW CLERK.)

6            THE COURT:  -- ALLEGED THAT THEY ARE NAMED --

7            AND WHY DON'T YOU JUST HAVE A SEAT.  WHY DON'T YOU

8    BRING THIS CHAIR UP HERE.  THAT WAY IT WILL SAVE ME SEEKING YOU

9    OUT.

10            -- THAT THEY ARE NAMED, IDENTIFIED, OR DESCRIBED IN

11   THE CONTEXT OF SEXUAL ABUSE IN THE DOCUMENTS THAT ARE TO BE

12   PRODUCED PURSUANT TO THE MAY 27TH, 2018 ORDER.

13            THE FEDERAL PLAINTIFFS ALLEGE EITHER THAT THEIR NAMES

14   WILL NOT BE REDACTED UNDER THE SCOPE OF THE MAY 17TH, 2018

15   ORDER, OR THAT THEY WILL BE IDENTIFIABLE DESPITE REDACTION DUE

16   TO IDENTIFYING OR DESCRIPTIVE INFORMATION THAT WILL NOT BE

17   REDACTED.

18            AND THE FEDERAL PLAINTIFFS SEEK INJUNCTIVE RELIEF

19   ALLEGING THAT THE ORDER IF CARRIED OUT WILL DEPRIVE THEM OF

20   PRIVACY RIGHTS IN VIOLATION OF THE FOURTH AND FIFTH AND 14TH

21   AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTION 1983

22   DUE TO THE DISCLOSURE OF THE FEDERAL PLAINTIFFS' NAMES OR OTHER

23   IDENTIFYING INFORMATION OF THE PLAINTIFFS OR THEIR FAMILY

24   MEMBERS.

25            ON JANUARY 7TH I GRANTED THE PARTIES' JOINT REQUEST

1    TO APPEAR BEFORE THE MAGISTRATE JUDGE, IN THIS CASE JUDGE

2    EARLY.

3              AND I HAVEN'T -- I HAVEN'T DISCUSSED THIS WITH JUDGE

4    EARLY.  I WANT YOU TO KNOW THAT.

5              YOU TELL ME WHAT HAPPENED.

6              MR. CROCKETT:  WE HAVEN'T APPROACHED JUDGE EARLY YET,

7    YOUR HONOR.

8              THE COURT:  PARDON ME?

9              MR. CROCKETT:  WE HAVE NOT APPROACHED JUDGE EARLY

10   YET, YOUR HONOR.

11             THE COURT:  I THOUGHT -- I THOUGHT THAT THAT WAS

12   GOING TO TAKE PLACE BEFORE TODAY'S DATE.

13             IN OTHER WORDS, I'M AT YOUR DISPOSAL, BUT --

14             MR. CROCKETT:  I THINK ALL OF US ASSUMED THAT THERE

15   WAS NO DEADLINE ON APPROACHING THE MAGISTRATE JUDGE.  SO, WE'VE

16   NOT DONE THAT.  I MEAN, WE'RE WILLING TO DO THAT.  WE JUST

17   HAVEN'T DONE IT.

18             THE COURT:  WELL, I'M A LITTLE PERPLEXED -- YOU

19   UNDERSTAND I'M A LITTLE PERPLEXED BY THAT.  YOU SEE HOW

20   PERPLEXED I LOOK?  I'M PERPLEXED.

21             MR. CROCKETT:  I APOLOGIZE, YOUR HONOR.

22             THE COURT:  NO, NO.  NEVER -- YOU NEVER HAVE TO

23   APOLOGIZE.  IT'S NOT A PROBLEM.  I'M JUST PERPLEXED.

24             I THINK THIS WAS A MATTER OF GRAVE IMPORTANCE

25   CONCERNING CHILDREN'S NAMES AND THE ACCUSATIONS AGAINST

1  JEHOVAH'S WITNESS.  BUT APPARENTLY WE'RE MOVING AT WHAT I CALL

2  SLOW SPEED.

3          WHEN DO YOU TWO THINK THAT YOU'D LIKE TO APPROACH MY

4  MAGISTRATE JUDGE?

5          WHY DON'T WE GET JUDGE EARLY ON THE LINE FOR A MOMENT

6  AND SEE IF HE'S IN TODAY.

7          WHEN DO YOU TWO THINK WE'RE GOING TO APPROACH HIM?

8  I'M JUST CURIOUS.

9          THE RECORDER:  HOLD THE MICROPHONE CLOSER --

10          THE COURT:  OH, MOVE TOWARDS EACH OTHER.  YOU TWO ARE

11  FRIENDLY.  YOU'RE NOT ADVERSARIAL.

12          THAT MEANS WALK OVER TOWARDS EACH OTHER.  THAT'S AN

13  ORDER.

14          MS. OVERTON:  WE -- HAVE A GOOD RELATIONSHIP.

15          THE COURT:  THAT'S GOOD.  NOW, ISN'T THAT A BEAUTIFUL

16  PICTURE.

17          NOW, WHEN WERE YOU TWO GOING TO APPROACH HIM?

18          MS. OVERTON:  YOUR HONOR, I APOLOGIZE.

19          THE COURT:  NO, DON'T.  PLEASE DON'T APOLOGIZE.  TELL

20  -- GIVE ME INFORMATION NOW.

21          MS. OVERTON:  I THINK THE ISSUE IS -- ONE OF THE

22  ISSUES IS SUBJECT MATTER JURISDICTION.

23          AND BECAUSE THEY HAD FILED A FIRST AMENDED COMPLAINT

24  --

25          THE COURT:  ALL RIGHT.

1         MS. OVERTON:  -- AND BOTH THE SUPERIOR COURT AND

2    INTERVENORS WERE GOING TO FILE ANOTHER MOTION TO DISMISS, WE

3    HAD HOPED TO HAVE THE COURT DETERMINE SUBJECT MATTER

4    JURISDICTION --

5         THE COURT:  SEE, I THINK YOU'RE BRILLIANT COUNSEL.

6    THAT DAWNED ON ME AS I WAS GOING BACK THROUGH THIS CASE, THAT

7    YOU REALLY WEREN'T GOING TO APPROACH THE JUDGE.  BECAUSE YOU

8    REALLY WANTED THE MOTIONS DECIDED FIRST.  AND THAT'S FAIR

9    ENOUGH.  BUT IF SO, YOU NEED TO TELL ME THAT.

10        MR. CROCKETT:  I --

11        THE COURT:  IN OTHER WORDS, I DON'T WANT TO WASTE

12   YOUR TIME.  I'M SORRY YOU'RE IN HERE TODAY.  BUT THE CASE ISN'T

13   GOING TO LANGUISH.  SO, I NEED YOUR HELP.  BECAUSE APPARENTLY

14   IT WAS LANGUISHING, AND IT WOULD HAVE BEEN THERE FOREVER.

15   OKAY.

16        SO, WHEN WAS I SUPPOSED TO DECIDE THESE MOTIONS?

17        MR. CROCKETT:  WELL, YOUR HONOR, WE'RE READY TO --

18        THE COURT:  NO, I KNOW YOU ARE NOW, COUNSEL.  THAT

19   DOESN'T SOLVE THE MATTER.  WHY DON'T WE --

20        THERE WERE NO DATES SET.  THERE WAS NOTHING THAT GAVE

21   ME A TICKLER.  AND, SO, I THOUGHT YOU WERE GOING TO JUDGE

22   EARLY.  YOU IN GOOD FAITH THOUGHT THAT THE MOTION SHOULD BE

23   DECIDED FIRST.  BUT WE'RE NOT COMMUNICATING.  NO FAULT OF

24   ANYBODY.  SO, PLEASE DON'T APOLOGIZE.

25        IN FACT, THE RESPONSIBILITY FOR ANY MISCARRIAGE

1  STARTS AT THE TOP.  IT STARTS WITH ME.  IT DOESN'T START WITH

2  COUNSEL.

3          SO, WHAT ARE WE DOING?

4          ARE WE GETTING THESE MOTIONS DECIDED FIRST AND THEN

5  MAYBE WE'RE GOING TO JUDGE EARLY?

6          ARE WE GOING TO JUDGE EARLY BECAUSE I THOUGHT THAT

7  THESE WERE THE ISSUES I WAS SENDING YOU TO JUDGE EARLY TO TALK

8  TO HIM ABOUT?  BUT IF YOU'RE NOT GOING TO DO THAT, THEN, I NEED

9  TO KNOW THAT BECAUSE I'M PREPARED TO DECIDE THIS TODAY

10  PROBABLY.

11          MS. OVERTON:  THE THOUGHT PROCESS --

12          THE COURT:  AND ONE OF YOU MIGHT NOT LIKE MY DECISION

13  BECAUSE --  OKAY.  SO --

14          (LAUGHTER.)

15          MS. OVERTON:  MY THOUGHT PROCESS -- I CAN'T SPEAK FOR

16  EITHER COUNSEL --

17          THE COURT:  SURE YOU CAN.  YOU CAN TALK TO THEM

18  QUIETLY RIGHT NOW WHILE I'M WAITING.  WHY DON'T YOU HAVE A

19  CONVERSATION WITH THEM.

20          MS. OVERTON:  OH, OKAY.  ALL RIGHT.  EXCELLENT.

21          THE COURT:  NO, JUST STAND THERE.  SHUT OFF THE

22  MICROPHONE.  HAVE A CONVERSATION.  WE'RE WASTING OTHER

23  COUNSELS' TIME.

24          (COUNSEL CONFERRING AUDIBLY.)

25          THE COURT:  CAN ALL OF YOU HEAR THIS?  IT'S GREAT.

1                (LAUGHTER.)

2                MS. OVERTON:  AND THE REASON WHY IS BECAUSE --

3                THE COURT:  NO, NO.  I KNOW.

4                SO, BACK AND FORTH.  YOU'RE AMENABLE TO GOING.

5                YOU'RE NOT AMENABLE TO GOING TILL WE DETERMINE THE

6        ISSUE OF THESE MOTIONS, CORRECT?

7                MS. OVERTON:  RIGHT.

8                THE COURT:  OKAY.

9                SO, WE ALL KIND OF GOT OURSELVES IN THIS BOX.  AND

10       LET'S GET OUT OF IT TODAY.

11               REMAND IS CALLED FOR UNDER RULE 26(F) IF AS THE

12       REPORT NOTES, "THAT THE DEFENDANT SUPERIOR COURT BELIEVES THAT

13       THE COURT DOES NOT HAVE JURISDICTION TO GRANT THE RELIEF

14       REQUESTED BY PLAINTIFFS AND THE TERMS OF.  STATING THAT THE

15       COMPLAINT AGAINST THE SUPERIOR COURT IS BARRED BY THE ELEVENTH

16       AMENDMENT, RIGHT.

17               WELL, GO OVER TOWARDS -- YEAH, THAT SAVES A LOT OF

18       TIME, RIGHT.

19               AND I THINK I STATED BEFORE THAT I SOMEWHAT AGREE

20       WITH YOU.  I WANTED TO GIVE PLAINTIFF AN OPPORTUNITY, BUT IT'S

21       SETTLED CASE LAW THAT UNDER THE ELEVENTH AMENDMENT AGENCIES OF

22       THE STATE ARE IMMUNE FROM PRIVATE DAMAGE ACTIONS BROUGHT IN

23       FEDERAL COURT UNDER PERMHURST STATE SCHOOL AND HOSPITAL VERSUS

24       HALDERMAN AT 465 U.S. 89 AT 102, WHICH IS OUR 1984 CASE.

25               AND A SUIT AGAINST THE SUPERIOR COURT IS A SUIT

1   AGAINST THE STATE UNDER <u>THE GREATER LOS ANGELES COUNCIL ON</u>

2   <u>DEAFNESS, INC. V. ZOLANER</u>, AT 812 F.2D 1103 1110 NINTH CIRCUIT,

3   1987.  AND THEREFORE FEDERAL PLAINTIFFS SUED AGAINST THE

4   SUPERIOR COURT OF ORANGE COUNTY AS BARRED BY THE ELEVENTH

5   AMENDMENT WITH RESPECT TO THE DAMAGES CLAIMED.

6           THE REMAINDER OF THIS COMPLAINT PERTAINS TO REQUESTED

7   INJUNCTIVE RELIEF AGAINST THE SUPERIOR COURT'S MAY 17TH, 2018

8   ORDER.

9           HOWEVER, THE SUPERIOR COURT, DEFENDANT, AND THE

10  FEDERAL PLAINTIFFS FILED A STIPULATION, IF YOU REMEMBER,

11  EXTENDING THE TIME TO ANSWER.

12          SO, THAT THREW ME OFF A LITTLE BIT.

13          BECAUSE THE FEDERAL PLAINTIFFS FILED A MOTION TO

14  INTERVENE IN THE SUPERIOR COURT CASE AND FILED A MOTION FOR

15  RELIEF.

16          AND THERE IS A HEARING OF THAT MOTION FOR RELIEF IN

17  THE SUPERIOR COURT CALENDAR FOR DECEMBER 11TH, 2018.

18          SO, I WAS KIND OF WAITING TO SEE WHAT HAPPENED IN

19  THAT.

20          CAN YOU TELL ME WHAT HAPPENED ON DECEMBER 11TH.

21          MR. CROCKETT:  IT'S TOMORROW, YOUR HONOR.  IT'S

22  CONTINUED TO TOMORROW.

23          THE COURT:  NO, NO.  SEE THIS IS -- ON MY CALENDAR

24  IT'S SUPPOSED TO BE DECEMBER 11TH.  REMEMBER.

25          MS. OVERTON:  UH-HUH.

1              THE COURT:  SO, NOW, I WAS OVER IN SUPERIOR COURT FOR

2    17 YEARS, TWO DAYS, THREE HOURS, 14 SECONDS.  AND BECAUSE OF

3    THEIR VOLUME, AND WITHOUT FINDING ANY FAULT, THEY'RE PRETTY

4    BUSY FOLKS OVER THERE.

5              SO, I EXPECTED I'D HAVE SOME INPUT BACK FROM YOU

6    TODAY ABOUT WHAT HAD OCCURRED IN SUPERIOR COURT.

7              WHAT WAS THE REASON FOR THE CONTINUANCE OVER THERE?

8    DID ONE OF YOU REQUEST IT?  AND WHO'S THE JUDGE BECAUSE I WANT

9    TO CALL HIM.  I HIRED MOST OF THEM.

10             MR. CROCKETT:  JUDGE GASTELUM IS THE JUDGE.

11             THE COURT:  AND HE USED TO BE A CLERK OVER HERE IN

12   THE --

13             DID YOU FILE A NOTICE TO CONTINUE THIS MATTER?

14             AND I DON'T MEAN HIRED HIM.  I USED TO SUPERVISE HIM.

15             MR. CROCKETT:  NO, YOUR HONOR.

16             THE COURT:  WHO -- WHY DID THIS CASE GET KICKED OVER?

17             MR. STOREY:  YOUR HONOR, THERE WAS ANOTHER MOTION

18   FILED BY THE STATE COURT PLAINTIFFS FOR SANCTIONS AGAINST

19   WATCHTOWER FOR NONCOMPLIANCE WITH THE ORDER.  AND THE JUDGE

20   CONTINUED THE HEARING ON THE PROTECTIVE ORDER --

21             THE COURT:  IS THAT PENDING?

22             MR. STOREY:  YES.

23             THE COURT:  WHEN?

24             MR. STOREY:  IT'S BEING HEARD TOMORROW AS WELL.

25             THE COURT:  TOMORROW?

1            MR. STOREY:  YES.

2            THE COURT:  OKAY.

3            I KIND OF LIKE TO HEAR WHAT HAPPENS IN THOSE MOTIONS.

4            WOULDN'T THAT BE WISE TO KNOW WHAT MY SUPERIOR COURT

5    COLLEAGUES ARE DOING?

6            MR. CROCKETT:  YES, YOUR HONOR.

7            MR. STOREY:  YES, YOUR HONOR.

8            THE COURT:  SO, WHAT TIME IS YOUR HEARING?

9            MR. CROCKETT:  IT'S 2:00 P.M.

10            THE COURT:  OKAY.

11            CAN YOU COME BACK AND SEE ME AFTERWARDS.  EXCELLENT.

12   YOU WILL.

13            NOW, HOW LONG WILL I BE HERE WAITING FOR YOU?

14            MS. OVERTON:  YOUR HONOR --

15            THE COURT:  NO, NO, I'M SPEAKING NOW.

16            HOW LONG WILL I BE HERE WAITING FOR YOU?

17            MR. CROCKETT:  AT TWO O'CLOCK TOMORROW.

18            THE COURT:  NOPE.  ANYTIME BETWEEN TWO O'CLOCK AND

19   NINE O'CLOCK TOMORROW NIGHT.

20            MR. CROCKETT:  UHH -- WELL --

21            THE COURT:  AND THAT WAY YOU DON'T HAVE ANY EXCUSE

22   FOR NOT COMING BACK TO SEE ME.

23            MR. CROCKETT:  WELL, WE'LL BE HERE.  BUT I DON'T KNOW

24   LONG --

25            THE COURT:  OH, YOU'LL BE HERE.

1          MR. CROCKETT:  I DON'T KNOW HOW LONG THE HEARING WILL

2     TAKE.  BUT YES --

3          THE COURT:  TRUST ME.  YOU'LL BE HERE.  YOU'LL BE

4     HERE.

5          MR. CROCKETT:  WE'LL BE HERE.

6          THE COURT:  NOW, I'M GOING TO CALL JUDGE GASTELUM

7     TODAY AND ASK AND MAKE SURE THAT THIS MOTION GOES TOMORROW IF

8     HE'S NOT BUSY.  AND THEN I WANT TO GET THE RESULTS OVER IN

9     STATE COURT.

10          AS A COURTESY TO YOU, I'M INCLINED TO REMAND THIS

11     BACK TO STATE COURT -- SO, I'M BEING EXTRA CAUTIOUS -- AND WAS

12     PREPARED TO DO THAT TODAY QUITE FRANKLY.

13          BUT I'D KIND OF LIKE TO SEE WHAT THE SUPERIOR COURT'S

14     THOUGHTS ARE ON THIS MATTER BECAUSE I THINK THAT THEY DO HAVE

15     JURISDICTION.

16          AND, QUITE FRANKLY, I'M CLOSE TO SANCTIONS WITH THE

17     PLAINTIFF ON THIS MATTER.  BUT I DON'T THINK I'M GOING TO

18     IMPOSE THEM AT THE PRESENT TIME.

19          BUT MY FEELING -- AND THIS IS A GREAT KINDNESS TO THE

20     PLAINTIFFS RIGHT NOW -- THAT THE REMAINDER OF THIS INJUNCTIVE

21     RELIEF AGAINST THE SUPERIOR COURT IS OF GREAT CONCERN TO ME.

22     AND I'M INCLINED TO ALLOW THE SUPERIOR COURT TO DECIDE THE

23     FEDERAL LAW -- PLAINTIFF'S MOTION FOR RELIEF BEFORE I DO

24     ANYTHING.

25          AND I THINK I INFORMED YOU OF THAT LAST TIME, HADN'T

```
 1    I?

 2              OR DID I?

 3              MR. STOREY:  YOUR HONOR, TO REFRESH THE COURT'S

 4    RECOLLECTION, INTERVENORS APPEARED ONLY.  THE REST OF THE --

 5              THE COURT:  OH, THAT'S RIGHT.  THEY --

 6              MR. STOREY:  -- PARTIES WEREN'T HERE.

 7              THE COURT:  -- WEREN'T HERE.

 8              MR. STOREY:  RIGHT.

 9              THE COURT:  YOU WERE HERE.

10              MR. STOREY:  THAT'S CORRECT, YOUR HONOR.

11              THE COURT:  AND THEY WERE -- SO, THIS IS NEWS TO

12    THEM.

13              MR. STOREY:  IT IS, YOUR HONOR.

14              THE COURT:  THANK YOU.

15              LET ME BE MUCH MORE COURTEOUS THEN.

16              SO --

17              (PAUSE IN PROCEEDINGS.)

18              THE COURT:  SO, ALLEGEDLY WATCHTOWER HAS IN ITS

19    POSSESSION DOCUMENTS THAT DETAIL CHILDHOOD SEXUAL ABUSE

20    ALLEGATIONS AND REPORTS FROM VARIOUS CONGREGATIONS THROUGHOUT

21    THE UNITED STATES.

22              AND ALLEGEDLY THESE DOCUMENTS CONTAIN SENSITIVE

23    INFORMATION WHICH THEY ARE CONCERNED ABOUT, NOT ONLY IN TERMS

24    OF THE ACCUSATION, BUT LOVED ONES, THAT YOU BELIEVE ARE

25    CONSTITUTIONALLY GUARANTEED UNDER THE RIGHT TO PRIVACY.
```

1              AND I UNDERSTAND THAT CONCERN.

2              BUT ON MAY 17TH, 2018 THE SUPERIOR COURT OF

3    CALIFORNIA IN THE CHILDHOOD SEXUAL ABUSE LAWSUIT, ROE 1 VERSUS

4    DEFENDANT DOE 1, ORDERED THE PRODUCTION OF THESE DOCUMENTS BUT

5    ONLY ALLOWED FOR THE REDACTION OF THE NAMES OF THE VICTIMS AND

6    NAMES OF ELDERS.

7              THE ORDER DID NOT PERMIT REDACTIONS OF PERSONAL

8    IDENTIFYING INFORMATION OF POTENTIAL VICTIMS, CERTAIN ELDERS IN

9    THE CONGREGATION, THIRD-PARTY VICTIMS, PERPETRATORS, LOCATIONS,

10   CONGREGATION, FAMILY MEMBERS, ET CETERA -- OR AT LEAST THAT'S

11   WHAT'S BEEN REPRESENTED TO ME, WHICH IS WHY I WANTED TO SEE THE

12   SUPERIOR COURT GO FIRST IN TERMS OF THEIR PERCEIVED

13   JURISDICTION.

14             BECAUSE THIS SEEMS TO BE AT BEST FROM MY STANDPOINT

15   AN ANCILLARY FILING WITH ONE CLAIM, AND, AT WORST, QUITE

16   FRANKLY, STALLING.

17             AND, SO, THE PLAINTIFFS IN THE STATE LITIGATION AND

18   RUDY PADROL AND JOSE MONTEAGUDO --

19             AND WERE YOU THE INTERVENORS IN THE CASE?

20             MR. STOREY:  CORRECT, YOUR HONOR.

21             THE COURT:  YEAH.

22             AND I -- SORRY.  YOU WERE HERE LAST TIME.  I HAD

23   FORGOTTEN WITH MY CASE LOAD THAT THEY WEREN'T.

24             YOU'RE SEEKING THE DOCUMENTS WITHOUT SUCH REDACTIONS.

25             AND YOU'RE SEEKING MONETARY ISSUE AND TERMINATING

1   SANCTIONS AGAINST WATCHTOWER FOR NONCOMPLIANCE WITH THE ORDER.

2            AND YOU CONTEND THAT THE DOCUMENTS ARE RELEVANT TO

3   THE SEX ABUSE LAWSUIT.

4            WELL, PLAINTIFF ARE MEMBERS OF THE VARIOUS JEHOVAH'S

5   WITNESSES CONGREGATIONS.

6            AND YOU FILED YOUR COMPLAINT SEEKING AN INJUNCTION AS

7   WELL AS DECLARATORY RELIEF ORDERING THE MODIFICATION OF THE

8   DEFENDANT SUPERIOR COURT'S MAY 17TH ORDER, WHICH IS WHY YOU ARE

9   HERE ON BEHALF OF THE SUPERIOR COURT.

10            ARE YOU COUNTY COUNSEL, BY THE WAY?

11            MS. OVERTON:  NO, YOUR HONOR.

12            I'M --

13            THE COURT:  PRIVATELY RETAINED?

14            MS. OVERTON:  YES, BY THE JUDICIAL COUNCIL.

15            THE COURT:  OKAY.

16            AND ARE YOU WITH A FIRM?

17            MS. OVERTON:  I AM.

18            THE COURT:   WHAT FIRM IS THAT?

19            MS. OVERTON:  CUMMINGS, MC CLOREY, DAVIS & ACHO

20   ASSOCIATES.  WE'RE IN RIVERSIDE.

21            THE COURT:  WELL, THANK YOU VERY MUCH.  A PLEASURE.

22            OKAY.

23            AND IN THAT ORDER YOU'RE OBVIOUSLY CONCERNED BECAUSE

24   ALL OF THE PLAINTIFFS CONTEND DISCLOSURE OF SUCH INFORMATION IS

25   A VIOLATION OF THE CONSTITUTIONAL RIGHTS INVOLVED HERE.

```
 1            YOUR POSITION IS THAT THE COURT DOESN'T HAVE
 2   JURISDICTION OVER THE MATTER -- THAT --
 3            MS. OVERTON:  YES.
 4            THE COURT:  -- THAT THERE'S NOT STANDING.  THERE'S
 5   NOT ARTICLE 3 RIPENESS --
 6            (PHONE RINGING.)
 7            THE COURT:  HOLD FOR JUST A SECOND.  HANG ON FOR JUST
 8   -- MY APOLOGIES.
 9            (PAUSE IN PROCEEDINGS.)
10            THE COURT:  AND PLAINTIFFS' COMPLAINT FAILS TO
11   DEMONSTRATE THAT PLAINTIFFS HAVE ARTICLE 3 STANDING TO PROCEED
12   FROM YOUR STANDPOINT, AND THAT THEY'RE NOT RIPE, BUT -- WHICH
13   IS WHY I HAD ASKED FOR THE SUPERIOR COURT PROCEEDING HOPEFULLY
14   TO TAKE PLACE ON DECEMBER 11TH WHEN WE WERE HERE.  BUT
15   APPARENTLY EITHER JUDGE GASTELUM WAS, YOU KNOW, BUSY OR COUNSEL
16   -- I DON'T KNOW WHAT HAPPENED.
17            AND IN ADDITION, PLAINTIFFS' COMPLAINT AGAINST THE
18   SUPERIOR COURT YOU BELIEVE IT'S BARRED BY THE ELEVENTH
19   AMENDMENT.  AND YOU SEEK AN ORDER ENJOINING THE ENFORCEMENT OF
20   THE DISCOVERY ORDER ISSUED IN THE SUPERIOR COURT CASE.
21            AND YOU'RE ASSERTING THAT THE YOUNGER ABSTENTION
22   DOCTRINE AND ANY INJUNCTION ACT, OF COURSE, PREVENT THE COURT
23   FROM GRANTING THAT RELIEF.
24            AND YOU ALSO ASSERT THE ACTION IS BARRED BY JUDICIAL
25   IMMUNITY.
```

1         AND ONCE AGAIN, THE INTERVENORS ARE CONTENDING THAT

2    WATCHTOWER'S REFUSAL TO PRODUCE THE DOCUMENTS AT ISSUE IN THE

3    STATE LITIGATION HAS BEEN THE SUBJECT OF THREE PRIOR PUBLISHED

4    APPELLATE DECISIONS IN CALIFORNIA -- LOPEZ VERSUS WATCHTOWER

5    BIBLE AND TRACT SOCIETY OF NEW YORK, PADROL VERSUS WATCHTOWER

6    BIBLE AND TRACT SOCIETY, AND WATCHTOWER BIBLE & TRACT SOCIETY,

7    ALL OF NEW YORK.

8         AND THE J.W. DECISION UPHELD $4,016,152 IN DEFAULT

9    JUDGMENT DEBTORED AGAINST WATCHTOWER AFTER TERMINATING

10   SANCTIONS WERE GRANTED.

11        AND THE APPELLATE COURT AFFIRMED THAT MONETARY

12   DISCOVERY SANCTION AGAINST WATCHTOWER APPARENTLY IN THE PADROL

13   MATTER IN THE AMOUNT OF $4,000 PER DAY.

14        YOU ALLEGE THAT THE SANCTION WAS IMPOSED.  AND

15   WATCHTOWER HAS REFUSED TO COMPLY THUS FAR.

16        IS THAT CORRECT?

17        MR. STOREY:  YEAH.

18        THE COURT:  OKAY.

19        MR. STOREY:  WATCHTOWER HAS NEVER PRODUCED THE

20   DOCUMENTS.

21        THE COURT:  YEAH.  OKAY.

22        AND, SO, THEREFORE, YOU CONTEND THAT ALL THE

23   DOCUMENTS WATCHTOWER WAS ORDERED TO PRODUCE IN THE STATE

24   LITIGATION WERE ALSO ORDERED PRODUCED IN LOPEZ, PADROL, OR J.W.

25   AND WATCHTOWER HAS REPEATEDLY REFUSED TO COMPLY WITH THE

1    DISCOVERY ORDERS RELATING TO THESE DOCUMENTS.

2            AND WATCHTOWER HASN'T PRODUCED ANY OF THIS OR STATED

3    ANY INTENTION OF PRODUCING THE DOCUMENTS IN A MATTER THAT

4    COMPLIED WITH THE ORDER OF THE STATE LITIGATION.

5            AND THAT'S WHY I WAS PERPLEXED WHEN YOU INITIALLY

6    CAME IN.  I DIDN'T HAVE THE OTHER PARTIES -- AND PROBABLY WITH

7    THE VOLUME WE'RE CARRYING I JUST HADN'T REMEMBERED THAT.  BUT I

8    HAD HOPED TO GET SOME KIND OF RESOLUTION OR GET THE SUPERIOR

9    COURT'S THOUGHTS BEFORE I WENT ANY FURTHER.  BECAUSE OTHERWISE

10   I WAS GETTING INTO MORE OF A QUAGMIRE ON THE MERITS.  AND IF I

11   DIDN'T HAVE JURISDICTION, WHY WAS THE COURT INTERFERING WITH

12   THE SUPERIOR COURT IN TAKING ON YOUR POSITION AT THE PRESENT

13   TIME JUST AS COUNSEL FOR THE PLAINTIFFS WANT THE COURT TO

14   INTERVENE.

15           THUS, WATCHTOWER YOU HAVE ASSERTED HAS VIOLATED THE

16   DISCOVERY ORDER IN THE STATE LITIGATION PRECISELY THE WAY IT

17   DID IN PADROL, YOU'VE ARGUED TO ME.  AND DOES HAVE SUFFERED NO

18   INJURY IN FACT.  AND NONE IS IMMINENT.

19           SINCE THE DOCUMENTS HAVE NOT BEEN PRODUCED AND WILL

20   NOT BE PRODUCED, THIS ACTION APPARENTLY IS NOT RIPE.  OR THAT'S

21   THE ARGUMENT.

22           THAT'S THE ONLY PURPOSE OF THIS ACTION IT'S BEEN

23   ARGUED IN THE PAPERS IS TO RELITIGATE ISSUES ALREADY DECIDED

24   AGAINST WATCHTOWER APPARENTLY ON THREE DIFFERENT OCCASIONS FROM

25   YOUR PERSPECTIVE.

1          AND THE CALIFORNIA STATE COURTS PREVENT THE SUPERIOR

2     COURT OF ORANGE COUNTY FROM IMPOSING DISCOVERY SANCTIONS ON

3     WATCHTOWER FOR ITS WILLFUL REFUSAL TO COMPLY WITH DISCOVERY

4     ORDERS.

5          SO, THE PRINCIPAL ISSUE AS YOU'VE ABLY POINTED OUT TO

6     ME IS WHETHER DEFENDANT SUPERIOR COURT'S ORDER REQUIRING THE

7     PRODUCTION OF THESE DOCUMENTS WILL VIOLATE PLAINTIFFS' RIGHT TO

8     PRIVACY AND WHETHER PLAINTIFFS' RELIGIOUS LIBERTIES WILL BE

9     INFRINGED.

10          AND PLAINTIFF, YOU'VE ARGUED TO ME, AND CONTENDED,

11     THAT THE INFORMATION CONTAINED IN THE WATCHTOWER DOCUMENT

12     DESCRIBES CHILDHOOD SEXUAL ABUSE INVOLVING PLAINTIFFS, THEIR

13     FAMILY MEMBERS, THEIR CONGREGATIONS.

14          AND I'M A LITTLE PERPLEXED BY THIS BECAUSE IT SEEMS

15     TO ME THAT THIS IS AN ACTION THAT'S BARRED BY THE SUPERIOR

16     COURT.

17          AND LAST TIME I THOUGHT YOU WERE HERE -- AND MY

18     APOLOGIES -- APPARENTLY YOU WEREN'T -- SO, I'M MEETING YOU FOR

19     THE FIRST TIME.

20          BUT I THOUGHT SOMEBODY STOOD IN THIS POSITION ARGUING

21     TO ME THAT THIS WAS A -- I THOUGHT YOU HAD -- COUNSEL ON THE

22     OTHER SIDE AT THE TIME ARGUING THAT THIS WAS A MATTER THAT WAS

23     A SEPARATE ACTION, OF COURSE, WHICH HAD FEDERAL COURT

24     JURISDICTION -- WHICH I DISAGREE WITH.

25          SO, MY INITIAL THOUGHT WAS TO DELAY THAT TO GIVE THE

1    SUPERIOR COURT THE OPPORTUNITY TO ACT.  BECAUSE QUITE FRANKLY I

2    WAS PREPARED TO REMAND THAT BACK AT THAT TIME.  BUT NOW I

3    RECALL, I DIDN'T HAVE YOUR APPEARANCE AT THE TIME.

4              SO, WHAT ARE WE GOING TO DO?

5              MR. CROCKETT: IF YOUR HONOR -- IF YOUR HONOR WISHES,

6    I CAN ARGUE ON THE MERITS --

7              THE COURT:  SURE.  WHY DON'T YOU DO THAT.

8              MR. CROCKETT:  -- JUST AS I'VE HEARD.

9              BUT I -- I DON'T REPRESENT WATCHTOWER.  I REPRESENT

10   THE CONGREGANTS.

11             THE COURT:  NO.  BUT I'M PREPARED TO REMAND THIS --

12             MR. CROCKETT:  THE INDIVIDUAL CONGREGANTS.

13             THE COURT:  -- BACK IMMEDIATELY.  IN OTHER WORDS, TO

14   MY WONDERFUL COLLEAGUES ACROSS THE STREET.

15             I DON'T WANT TO TAKE JURISDICTION OR EVEN EXTEND WHAT

16   I THINK IS A LACK OF THE COURT'S JURISDICTION QUITE FRANKLY

17   EVEN FURTHER.  I THINK THAT'S A BAD MESSAGE THAT THE FEDERAL

18   COURT IS LOOKING OVER THEIR SHOULDER.

19             AND I DON'T THINK I'VE GOT JURISDICTION IN THIS

20   MATTER, COUNSEL.

21             MR. CROCKETT:  IF I MAY BE HEARD, YOUR HONOR.

22             THE COURT:  BRIEFLY, COUNSEL.  AND THEN I THINK I'M

23   GOING TO REMAND THIS.

24             MR. CROCKETT:  I THINK THE KEY DECISION IN THIS CASE

25   WAS THE MIASKI DECISION IN WHICH THE FEDERAL COURT TOOK

1    JURISDICTION OVER SEXUAL ABUSE CLAIMS AND THE PRIVACY RIGHTS OF

2    INDIVIDUALS.

3              THE COURT DETERMINED THAT 1983 CLAIMS APPLY TO

4    PROTECT THE PRIVACY RIGHTS OF PERSONS ABUSED BY A SUPERIOR

5    COURT DISCOVERY ORDER.

6              AND WE CITE THAT VERY --

7              THE COURT:  HOW IS -- HOW IS THIS RIPE THEN, COUNSEL,

8    WHEN THE SUPERIOR COURT HASN'T HAD A CHANCE TO ACT?

9              IN OTHER WORDS, AT THE LAST OCCASION, I THOUGHT

10   POSSIBLY ABOUT STAYING THIS MATTER.  AND I WAS CAUTIOUS AND PUT

11   THIS MATTER OVER PAST DECEMBER 11TH SO THIS COULD BE RESOLVED.

12             THIS HASN'T BEEN RESOLVED YET.

13             MR. CROCKETT:  IT HASN'T BEEN.

14             BUT WHEN WE BROUGHT THIS ACTION, THE MAY -- THE MAY

15   ORDER COMPELLING THE PRODUCTION OF THE DOCUMENTS WAS -- WAS

16   VIABLE AND ALIVE.

17             WE BROUGHT THIS ACTION AS A MATTER OF ABUNDANT

18   CAUTION SO THAT WE WOULDN'T BE DELAYING OUR EFFORTS --

19             THE COURT:  LET ME SPEAK TO YOUR COUNSEL ON BEHALF OF

20   SUPERIOR COURT.

21             MY FEELING IS THAT THIS ISN'T RIPE -- MINIMALLY NOT

22   RIPE.

23             SECOND, IF THERE IS ANOTHER CLAIM TO BE FILED, I

24   SHOULD BE DISMISSING THIS WITH LEAVE TO REFILE NOT TO AMEND BUT

25   ONLY AFTER THE SUPERIOR COURT ACTS.

```
 1              AND I'D LIKE TO SEND THAT MESSAGE BACK ACROSS THE

 2     STREET VERY QUICKLY.

 3              I DON'T THINK AT THE PRESENT TIME I HAVE

 4     JURISDICTION.

 5              AND UNTIL THE SUPERIOR COURT ACTS, I DON'T THINK THAT

 6     THERE'S A RIPENESS HERE.  THERE'S NO CASE OR CONTROVERSY.

 7              BUT I WANT TO HEAR FROM YOU.

 8              MS. OVERTON:  I AGREE WITH WHAT YOUR HONOR HAS

 9     STATED.

10              IN ADDITION TO THAT, I BELIEVE THAT THE COURT DOESN'T

11     HAVE JURISDICTION UNDER THE ANTI-INJUNCTION ACT TO ENJOIN AN

12     ORDER OF A SUPERIOR COURT JUDGE.

13              THE COURT:  I AGREE.

14              OKAY.  COUNSEL, I AM GOING TO DISMISS THIS ACTION

15     WITHOUT PREJUDICE.

16              YOU CAN COME BACK AND SEE ME WITH YOUR ANCILLARY

17     CLAIM IF THAT IS STILL RIPE.  THAT GIVES THE SUPERIOR COURT A

18     CHANCE TO ACT.  AND WE CAN REARGUE THAT MATTER IF THERE IS AN

19     ADDITIONAL CLAIM.

20              BUT THE SUPERIOR COURT HAS THE RIGHT, DIGNITY --

21     JURISDICTION, QUITE FRANKLY, TO ACT FIRST IN THIS MATTER.  THIS

22     IS NOT RIPE FOR THE FEDERAL COURT.

23              SO, THIS IS DISMISSED WITHOUT PREJUDICE.

24              YOU ARE INVITED BACK AFTER THE SUPERIOR COURT ACTS.

25              THANK YOU VERY MUCH, COUNSEL.
```

1                MR. CROCKETT:  YOUR HONOR --

2                MS. OVERTON:  THANK YOU, YOUR HONOR.

3                MR. STOREY:  THANK YOU, YOUR HONOR.

4                MR. CROCKETT:  -- SO, THERE IS NO NEED FOR US TO

5    APPEAR TOMORROW.

6                IS THAT CORRECT?

7                THE COURT:  NO.  NO.  I'M GOING TO -- NO NEED AT ALL.

8                DON'T COME BACK TOMORROW.  GO -- GO RESOLVE THIS IN

9    SUPERIOR COURT.  SEE IF THIS SATISFACTORY OR NOT.

10                AND I'VE ALLOWED YOU -- WITHOUT PREJUDICE.

11                DID YOU HEAR THAT?

12                SO, IT DOESN'T CLOSE THE DOOR.  BUT YOU'VE GOT A

13   PRETTY STRONG FEELING.

14                BE CAREFUL.  BE CAREFUL WITH THIS.  IF THIS IS A

15   TACTIC TO DELAY, ET CETERA, THERE'S NO JURISDICTION -- I

16   HAVEN'T IMPOSED SANCTIONS, NOR HAVE I IMPOSED ATTORNEY'S FEES.

17                DID YOU NOTICE THAT?

18                MR. CROCKETT:  YES.

19                THANK YOU, YOUR HONOR.

20                THE COURT:  OKAY.  BE CAREFUL.

21                MR. CROCKETT:  THANK YOU, YOUR HONOR.

22                THE COURT:  KIND OF -- YOU'RE HEARING?

23                MR. CROCKETT:  YES, I AM.

24                THE COURT:  EXCELLENT.  I THINK YOU HEARD THAT, TOO.

25                OKAY.  GO HAVE A GOOD DAY.  OKAY.

1            MR. CROCKETT:   ALL RIGHT.

2            THANK YOU.

3            MR. STOREY:  THANK YOU, YOUR HONOR.

4            MS. OVERTON:  THANK YOU.

5            SAME TO YOU, YOUR HONOR.

6            (PROCEEDINGS ADJOURNED AT 9:01 A.M.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

30

1

2

3

4                        C E R T I F I C A T E

5

6

7        I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
  FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE
  ABOVE-ENTITLED MATTER.

8

9
  /S/ DOROTHY BABYKIN                        2/6/19
10 _____      _____
  FEDERALLY CERTIFIED TRANSCRIBER            DATED
11 DOROTHY BABYKIN

12

13

14

15

16

17

18

19

20

21

22

23

24

25